UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAHUSIA J. BANSHU,

                Plaintiff,

-against-

SHOLOMO S. HAGGLER; JAMES EDWARD
D'AUGUSTE; DENIS MICHAEL REO;
JEFFEREY SAMUEL ZELLAN; DANIEL D.
MCKENNA; GUESS DOE; SUPERVISOR
JANE DOE; SUBMISSION CLERK,

                Defendants.

24-CV-3128 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action challenging decisions rendered in an action he filed in a New York State court. By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action concerns Plaintiff's state court proceeding, which he does not specifically identify. He names as defendants (1) Justice James Edward d'Auguste, the judge presiding over the matter; (2) New York State court employees Sholomo S. Haggler, Denis Michael Reo, Jefferey Samuel Zellan, Daniel D. Mckenna, and three unidentified defendants who also work in the New York courts.

The following information is drawn from the complaint.[1] On July 17, 2020, Plaintiff submitted a motion to appeal in the New York State Appellate Division, First Department. When he filed the motion, he

> gave it to a [G]uss (doe, last name unknown) who in turn[] looked it over after showing it to his supervisor, then instructed me to go to room 160 with it and pay the fee of $65. it was brought back to room 119. the actors involved . . . took the affidavit, supporting Notice of Motion to Appeal address[ed] to the Appellate Division, [in] August 2020[.] the actors proceeded to deceive me and thwart justcia by sending documents "Court Notice" in the mail, showing the case was on the calendar, dated for Tuesday September 2 at 9:30AM in the Appellate Term.

(ECF 1, at 2.) The Court Notice did not include a year or a signature, but "the second document was dated 9-22-2020 assigning [Plaintiff] to defendant [Justice James E. d'Auguste] to hear parties' motion for any future, updated status regarding motion." (*Id.*) "These documents were sent by submission clerk on july 17th 2020, [Plaintiff] was denied due process and[] defrauded by [Defendants]." (*Id.*)

On December 4, 2020, Plaintiff mailed a letter to 71 Thomas Street, New York, New York, "asking for a conference on my appeal." (*Id.*) An individual called Plaintiff to inform him "that a conference call will be held [o]n april 20, 2021." (*Id.*) On April 20, 2021, Zellan, a state court employee, informed Plaintiff by phone that "the 'court' intentions is to restore [Plaintiff's case] to the calendar and[] the case will proceed." (*Id.*) McKenna, another court employee, also was on the April 20, 2021 call.

On January 5, 2022, Justice d'Auguste denied Plaintiff's motion for a default judgment; Plaintiff claims the denial "was a clear violation of 18 USC § 1692 . . . as [the judge] favored the

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

fraudulent actions of the attorneys representing the City of New York, NYPD (32nd Pct)." (*Id.* at 3.)

Plaintiff asserts that Defendants "never intended to restore my case and[] colluded in depriving me o[f] due process knowing that a motion to appeal appellate division should have been corrected immediately." (*Id.*) Plaintiff seeks monetary damages and "an article three judge, no magistrate, a common law venue, one who can look at the merits o[f] this case and[] follow the letter o[f] the law." (*Id.* at 5.)

**DISCUSSION**

Plaintiff seeks federal intervention in his state court matter. This Court denies this request under the *Younger* and *Rooker-Feldman* doctrines. Plaintiff also seeks money damages from the Defendants. The Court dismisses these claims as frivolous, for failure to state a claim, and because Plaintiff seeks monetary relief from individuals who are immune from such relief. The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting and to grant Plaintiff leave to amend his complaint.

**A.     *Younger* Doctrine**

Plaintiff does not state whether his proceedings are ongoing. To the extent Plaintiff's state court matters are pending, this Court may not intervene in them. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith. Application of the *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). Here, Plaintiff expressly seeks this Court's review of a state

4

court's decision denying his motion for a default judgment. Plaintiff does not otherwise describe this state court matter or why the denial of his motion requires federal intervention. Because the New York State courts have an interest in enforcing their orders, including a decision to deny a motion for default judgment, the *Younger* doctrine applies. As Plaintiff does not allege any facts suggesting bad faith, the Court must abstain from assuming jurisdiction of Plaintiff's claim. The Court therefore dismisses this claim for lack of subject matter jurisdiction. *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) ("*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."). This dismissal is without prejudice to any review Plaintiff may seek in his ongoing state court proceeding.

**B.     *Rooker-Feldman* Doctrine**

To the extent that Plaintiff's state court matter is closed, this Court must abstain, under the *Rooker-Feldman* doctrine, from reviewing the New York State court's final decision. The doctrine "established the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018) (citation omitted). Because "federal district courts are granted original − and not appellate − jurisdiction, cases that function as de facto appeals of state-court judgments are therefore jurisdictionally barred." *Id*. Under the *Rooker-Feldman* doctrine, a federal district court lacks authority to review a final state court order or judgment where the plaintiff seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("[The *Rooker-Feldman* doctrine] bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over

such cases." (citing 28 U.S.C. § 1257)). To the extent Plaintiff seeks review of a final judgment in his state proceeding, where his motion for default judgment was denied, the Court lacks jurisdiction to review that judgment and dismisses this claim. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291. This dismissal is without prejudice to any appeal Plaintiff may bring in the proper state court forum.

**C.     Section 1983**

The Court also dismisses Plaintiff's claims seeking monetary relief. Such claims are construed as arising under 42 U.S.C. § 1983, which provides redress for a deprivation of federally protected rights by persons acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege facts showing both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.     Judicial Immunity**

Plaintiff's Section 1983 claims for damages against Justice d'Auguste must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of

6

jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff does not allege any facts showing that Justice d'Auguste acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues this judicial officer for "acts arising out of, or related to, individual cases before him," Justice d'Auguste is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Justice d'Auguste because Plaintiff seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### 2.     Quasi-Judicial Immunity

Absolute judicial immunity has been extended to "some officials who are not judges but who perform functions closely associated with the judicial process." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987) (citation and internal quotation marks omitted). Courts have held that quasi-judicial immunity applies to other individuals when they are "performing discretionary acts of a judicial nature." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). Court clerks, for example, are immune from suit "for performance of tasks which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). In addition, court clerks "are absolutely immune from suit for 'functions which are administrative in nature if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court.'" *Garcia v. Hebert*, No. 08-CV-0095, 2013 WL

1294412, at *12 (D. Conn. Mar. 28, 2013) (quoting *Humphrey v. Court Clerk for the Second Circuit*, No. 5:08-CV-0363, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008)).

Because Plaintiff's claims against Haggler, Zellan, McKenna, and the three Doe defendants arise out of alleged conduct that is judicial in nature, these defendants are protected by absolute immunity. The Court therefore dismisses Plaintiff's Section 1983 claims against these defendants because he seeks monetary relief against defendants who are immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, the claims are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

### 3.    Personal Involvement

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendant Denis Michael Reo was involved personally in the events underlying his claims and whether his conduct amounted to

state action. Plaintiff's claims against this defendant are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.    State Law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.    Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's challenge to his state court proceedings, under the *Younger* and *Rooker-Feldman* doctrines, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court also dismisses the claims seeking monetary relief under 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii) for the reasons stated above. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   December 2, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge